UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JERRY WAYNE YOCHIM, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 05-6003-CV-SJ-NKL-P |
| MISSOURI DEP'T OF CORRECTIONS and RITA SWARTZ, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

This is an action for monetary and other relief filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Western Missouri Correctional Center in Cameron, Missouri. The defendants are the Missouri Department of Corrections (MDC) and MDC Records Officer Rita Swartz. Essentially, plaintiff claims that defendants have illegally extended his release date by improperly calculating his sentences.

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), which may be granted only if "it is clear that no relief can be granted under any set of facts that could be proved consistent with [plaintiff's] allegations.'" *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Regarding plaintiff's claims for monetary relief, MDC is not a viable defendant because such actions against a state and its agencies and institutions are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781 (1978). Regarding defendant Swartz, as she correctly points out in her motion to dismiss:

> Plaintiff . . . has sued defendant Swartz in her official capacity. This is because Plaintiff's complaint [and other pleadings are] silent about the capacity in which he is suing defendant Swartz. It is therefore presumed that the defendant is being sued in her official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). Since defendant Swartz is being sued in her official capacity, she is immune from suit for monetary damages under the Eleventh Amendment.

Doc. No. 5, p. 3 (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).

In addition to monetary relief, plaintiff seeks "release from confinement . . . ." Doc. No. 1, p. 5 (complaint). However, "a state prisoner challenging the fact or duration of his physical imprisonment and seeking a determination that he is entitled to immediate or speedier release has a federal remedy *only* through a writ of habeas corpus . . . ." *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993) (emphasis added) (citation omitted), *cert. denied*, 512 U.S. 1246 (1994). The Clerk of the Court will be directed to send plaintiff forms that he may use to file a habeas corpus case.

For the reasons explained above, plaintiff has failed to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983. Therefore, it is **ORDERED** that defendants' motion to dismiss (Doc. No. 5) is granted, plaintiff's motion for summary judgment and defendants' motion to stay proceedings (Doc. Nos. 7 and 8) are denied, the Clerk of the Court send plaintiff forms that he may use to file a habeas corpus case, and this case is dismissed pursuant to Federal Rule of Civil Procedure 12(b).

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: __6/3/05__ .